## ELDRIDGE *v.* HILL.

Forty-four record-books, some deeds, mortgages, and other papers of a county having been stolen, the county officers deposited $3,500 in the hands of A., upon condition that it should, upon the return of the stolen property, be paid to the person causing the return. It was also stipulated that the failure to " deliver some small paper or papers " should not invalidate the agreement. Within the time limited, A. received a paper, signed by the deputy-sheriff of the county, acknowledging the receipt of the record-books, " also papers and small index-books." He thereupon paid the money to the person presenting the receipt. The county then brought suit against A. to recover the money, alleging that some of the books were, upon their return, in such a damaged condition as to be rendered comparatively worthless, and that he had, therefore, not performed his contract. *Held,* that A., being a simple bailee of the money deposited in his hands, without compensation, was not, in the absence of bad faith on his part, responsible for the condition of the property at the time of its return.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

The facts are stated in the opinion of the court.

*Mr. Matt. H. Carpenter* for the plaintiffs in error.
*Mr. E. W. Keightley, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The bill of exceptions in this case shows that forty-four record-books, and some deeds, mortgages, and other papers, were, on the night of the 28th of June, 1872, stolen from the office of the register of deeds of the county of St. Joseph, Mich.

After an unavailing effort for over two months to recover them, the officers of the county seem to have come to an understanding with some detectives, by which they were to deposit in Chicago, with the law firm of Eldridge & Tourtelotte, now plaintiffs in error, the sum of $3,500, to be paid to the person

causing said books and papers to be delivered to the county, if it was done before the twelfth day of September.

The money was so deposited on the fifth day of September, with Eldridge & Tourtelotte, and a written instrument signed by them and by the proper officers of the county, which, after reciting the circumstances that led to it, ends with the following agreement: —

"It is hereby agreed that the said supervisors and the treasurer shall deposit in the hands of Messrs. Eldridge & Tourtelotte the said sum of money (which sum is hereby deposited with said Eldridge & Tourtelotte), and which said sum shall be held by them until the said books and papers shall be returned to said county; and when so delivered to said county, the said sum of money so deposited in said Eldridge & Tourtelotte's hands shall be paid and delivered to said parties so causing said books and papers to be so returned to said county; and in case the said books and papers, and all of them, are not delivered to said county on or before the twelfth day of September, A.D. 1872, then the said sum of money so received by said Eldridge & Tourtelotte shall be returned to and given back to said treasurer of said county.

"CHICAGO, Sept. 5, A.D. 1872.

(Signed)            "WM. M. WATKINS,
            *"Comm. of Board of Supervisors for the County of St. Joseph.*
                "JAMES HILL, *County Treasurer.*
                "E. F. PEIRCE, *County Sheriff.*
                "ELDRIDGE & TOURTELOTTE.

"It is understood that any failure to deliver some small paper or papers shall not invalidate the above agreement.

"WM. M. WATKINS."

It is further shown that, on the appearance of Tourtelotte at his office at the usual hour on the morning of September 7, a man named Wilson, known to him as a detective, was there awaiting him, and presented him the following paper: —

"I have received from somebody forty-four books for St. Joseph County, also papers and small index-books.      W. W. HATCH."

Hatch was the deputy-sheriff of the county, and on the production of this paper Tourtelotte paid the money to Wilson.

Hill, on behalf of the county, brought this action against

Eldridge & Tourtelotte, for the money so paid, and recovered judgment.

One of the errors assigned is, that the court admitted the instrument signed by the parties, dated September 5, to be read in evidence, when the copy set out in the declaration is dated September 6. It is unnecessary to consider this ques tion, as we are of opinion that the judgment must be reversed, and a new trial awarded on another and more important ground.

We are of opinion that there was no evidence of the liability of the defendants on which a verdict could have been rendered against them; and, though no instruction to that effect was prayed, the court did charge the jury that the evidence raised the question which it was proper for them, and not for the court, to decide, whether, on the delivery of the books and papers to the county officers, they were in such a condition as justified the defendants in paying the money to the party claim ing it. To this defendants excepted.

On this point we think that the court did not give sufficient weight to the fact that defendants were simple bailees and agents acting for the county without compensation. Although in the course of this charge the court calls them bailees and agents, it lays down a rule which would govern the case if the defendants had made a contract for a valuable consideration to restore the books and papers in good order to the county inside of seven days, or to return the money.

The bill of exceptions states as facts proved that "all of the property except one deed and two powers of attorney, and the whole of the books which had been stolen from the office of the register of deeds, viz. forty-four books of records, were re turned to the custody of the register." That a leaf was missing from one book, and three from another. That some of the writing had been rendered illegible, and parts of the pages gone. This is the substance of the testimony, on which the judge put it to the jury as a question for them to decide, whether Eldridge & Tourtelotte should refund to the county the money which, as its gratuitous agents, they had paid to recover the books.

We think there was no such question; that in the absence of

any pretence of bad faith there was no right of recovery. It is clear that the defendants were not required by the circumstances of the case to see and examine the books, or to await their delivery to the register, and his examination and report on their condition. Any such idea is inconsistent with the whole arrangement; and the county officers who consented to such an arrangement should be the last to insist on a condition which would enable them to get the books, catch the thief, and retain the reward.

If Eldridge & Tourtelotte acted in good faith, as it is clear they did, and without reward did what they had every reason to believe was in accord with the wishes of those who deposited the money, they are discharged. The thing to be done was the recovery of forty-four large record-books of one of the oldest counties of the State. It was an important thing to the owners of property in the county that it should be done. When this had been done and the books recovered, with all the loose papers but two or three, it is idle to say that the absence of two or three pages, and the fading of the ink of as many more, justified the county in holding the books and suing its own agent for the money which, under its instruction, he had paid to get them back. It seems to us that if those books had been presented to Tourtelotte just as they were to the deputy-sheriff, and he had refused to pay the $3,500, and the books had thereby been for ever lost, the county would have had a much stronger cause of action than it has proved in this case.

Because there was no evidence on which plaintiff had a right to recover, and because the court, against the exception of defendants, told the jury there was evidence on that point for them to consider, the judgment must be reversed and the cause remanded, with instructions to set aside the verdict and grant a new trial; and it is

*So ordered.*